The opinion of the Court was delivered by
Wakdlaw, Ch.
The brief in this case is long, but while it contains much superfluous matter, it omits some of the materials of a satisfactory judgment; particularly the Commissioner’s report of June, 1856, which( was the basis of Chancellor Johnston’s decree, now appealed from. The first ground of appeal objects that the Chancellor allowed the defendant, as executor, a credit of $500, as a counsel fee paid to establish the will of testator, when it appears, by the provisions of said will, that he was, in fact, litigating in his own right and for his own interest. It seems that the testator devised to the executor all his land, worth about $6,000, and at least an equal portion of his small personalty, and that the executor had notice before probate in common form, that the validity of the will would be contested. The case is distinguishable from those previously decided on this “perplexing doctrine.” In Wham vs. Love, Rice Eq. 51, the ordinary duties of the administrator had been discharged, and he was *204 refused credit for his expenses in resisting, unsuccessfully, the title of the plaintiffs to the fund for distribution in his hands, in behalf of himself and other defendants in the same interest; his expenditure was not for the maintenance of his fiduciary relation, but for his own gain. In Atcheson vs. Robertson, 4 Rich. Eq. 39, allowance was made to an executor for afee paid do .cdiMsel, partly for resisting just claims of the legatees; but this ,-Was. because the legatees received the benefit..df'a m,ortgag.e taken by the executor for his own security, a|d‘ it would have- been plainly unjust to deprive him of his titli^for fhfe benefit of-the legatees generally, without reimbursing'him for his "expenses honestly incurred. In Butler vs. Jennings, 8 Rich. Eq. 87, which is most analagous of the cases to the present, an executor was allowed his expenses in attempting to establish a will in due form of law, after it had been admitted to probate in common form, but it did not distinctly appear there' that the executor took any interest under the will. The principle to be deduced from all the cases is that the representative should be reimbursed from the estate for the expenses he has incurred in litigation fairly falling upon him in his character of trustee; especially where he has been successful, although he may have some interest in the subject of suit. He should have credit for all expenditures for the preservation and benefit of the estate, as for fees to counsel, for general advice in the administration of the estate, for resisting doubtful claims, for clearing out incumbrances, for obtaining the instruction of the Court in a proper case, for settlement of the estate, and like services. In Butler vs. Jennings, some reliance in the judgment was put on the fact that the litigation concerning the will was stirred after the title of executor had been conferred on the defendant by the Ordinary; but one nominated executor may perform many acts in that character before probate, and is under obligation to set up what he really believes to be the will of his deceased friend and testator; and if the result proves tha,t his belief was just, he ought not to sustain the cost of establishing the will from his *205 own pocket. We are content then in this case that the counsel fee should be paid out of the estate; but, as we understand the matter, the Commissioner, in his last report, throws the whole burden of this expenditure on the other legatees, in exoneration of the executor, at least to the extent of his devise That is considered an unjust result. In the debts of a testator or intestate and the ord^ffl^s^áia|^^ÍVadmin-istration, resort is properly had priimr^rno the personal estate, but this case is exceptional. The ekecutaj w^y$Qlwag with the other legatees mainly for his owmpmaMit, and partlysbefore he assumed the office; and it is notfust th^^j^X’Mtdition to payment of their own counsel, ^mma 'sustaimstóífó whole burden of reimbursing him for payniem’^fif^h^counsel. It is adjuged that the executor here is not entitled to exoneration for payment to his counsel of that part of the fee which is proportionate to the value of the estate devised and bequeathed to him; and it is ordered that the Commissioner reform his report so as to make it a burden on all the legatees rateably. to the value of their shares.
The second ground of appeal relates to the hire of the slave Daniel for the years 1852, 1853 and 1854, and suggests that the Chancellor was mistaken in supposing that the slave for these years was in possession of James Hetherington, and no^ hired out by the executor. The Commissioner originally allowed this hire, and the Chancellor disallowed it; but recommitted the report, with very proper instructions to the Commissioner, to charge the executor where he had hired the slave to another person than James H., and had received, or ought to have received, the hire, and had not accounted with James H. before notice of the latter’s assignment. There was evidence at the former reference that this slave had been hired for two of these years, although it did not appear by whom, or to whom, or at what price, he was hired. At the latter reference, Crosby, assignee of James, offered additional evidence on the subject, and the Commissioner refused to receive it, because, as he supposed, the Chancellor had concluded the point. We do *206 not so interpret the decree and think the Commissioner should have received the evidence. It is ordered that the report be recommitted to the Commissioner as to this matter.
On the questions of fact brought under review by the third . ground of appeal, we do not perceive in the dim light afforded by the brief any error in the Chancellor.
It is ordered that the decree be modified as hereinbefore directed, and in other respects be affirmed.
Dunkin and Uargan, CC., concurred.

Decree modified.